# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1209

**FABIOLA LEMONIA ET AL.**

**VERSUS**

**LAFAYETTE PARISH CONSOLIDATED**
**GOVERNMENT ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2002-3082
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**Harold L. Savoie**
**304 W. Convent Street**
**P.O. Box 2881**
**Lafayette, LA 70502**
**Counsel for Plaintiffs-Appellants,**
    **Fabiola Lemonia and**
    **Joseph Donald Ashton Savoy**

**Philip E. Roberts**
**Roy, Bivins, Judice, Roberts & Wartelle**
**P.O. Drawer Z**
**Lafayette, LA 70502**
**Counsel for Defendant-Appellee,**
    **Lafayette Consolidated Government**

**PAINTER, Judge.**

The vehicle owner and the driver of vehicle involved in accident with police vehicle filed suit alleging property damage and personal injury. Finding that there has been no showing of error on the part of the trial court and that the plaintiffs have failed to prove "reckless disregard" on the part of the officer, we affirm.

### Facts and Procedural History

This case arises out of a motor vehicle accident that occurred on September 28, 2001 at the intersection of Morgan Street and South St. Antoine Street in Lafayette, Louisiana. Officer Kevin Moore was in pursuit of a stolen vehicle when he was involved in accident with a vehicle being driven by Joseph Savoy. Savoy was cited for failure to yield for a stop sign. Fabiola Lemonia, the alleged owner of the vehicle driven by Savoy, brought suit against Lafayette Parish Consolidated Government for her property damages, and Savoy brought suit for personal injuries.

A bench trial was held on April 19, 2004 before Judge Patrick L. Michot. There was conflicting testimony as to whether Savoy was stopped at the stop sign on Morgan Street waiting to turn or whether he had already begun his turn when he was struck by the police vehicle being driven by Officer Moore. Savoy testified and the prior testimony of Pamela Allen, a witness to the accident, was introduced. Additionally, Officer Moore testified and the prior testimony of Officer Marc Comeaux, the responding Patrol Supervisor who had retired and moved out of the jurisdiction by the time of trial, was introduced. Fabiola Lemonia did not appear at trial.

When Plaintiffs rested their case, the defense moved for involuntary dismissal. Said motion was granted as to the property claim of Lemonia but denied as to the

personal injury claim of Savoy. At the close of all the evidence, the judge ruled from the bench in favor of the defense, finding that Savoy's version of the accident had no credibility and that the physical evidence showed that the accident occurred as Officer Moore described. Judgment in accordance with that ruling was signed on May 6, 2004.

Lemonia and Savoy appealed asserting several errors in the trial court's factual findings.

**Discussion**

The proper standard of review in this case is "manifest error." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Here Plaintiffs are challenging only the trial court's findings of fact and make no complaint as to the application of La.R.S. 23:24. Thus, this Court cannot set aside the trial court's findings of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are reasonable. *Id*.

In his oral reasons for judgment, Judge Michot stated that:

[T]he physical evidence shows that the accident was, as the witness Kevin Moore, described it, that it occurred in the intersection, not at the stop sign. And the debris, the point of impact, the damage to the vehicle was the entire front of the policeman's vehicle was damaged and the front left of the driver's side of plaintiff's vehicle, centering somewhere around the wheel of plaintiff's vehicle. The plaintiff's version just simply has no credibility at all, and especially in light of the fact – in addition to plaintiff [sic] claims sixteen (16) visits to the hospital at five hundred dollars ($500.00) a visit, and the evidence was contrary to that, the hospital records.

With respect to Savoy's claims for personal injury, La.R.S. 23:24 governs the standard of care applicable to emergency vehicles. In this case, the standard of care

-2-

applicable to the police officer is one of "reckless disregard."[1] *See Lenard v. Dilley*, 2001-1522 (La. 01/15/02), 805 So.2d 175 at 180 wherein the Supreme Court held that "[i]f, and only if, an emergency vehicle driver's actions fit into subsections A, B, and C of La.R.S. 32:24, will an emergency vehicle driver be held liable only for actions which constitutes reckless disregard of the safety of others." "Reckless disregard" connotes conduct more sever than negligence. According to *Lenard*, "reckless disregard" is, in effect, "gross negligence" and "gross negligence" is defined as "the want of even slight care and diligence." *Id*. at 180.

Subsection A of La.R.S. 32:24 requires that the emergency vehicle be authorized and the driver must be responding to an emergency call, or in pursuit of an actual or suspected violator of the law, or returning from a fire alarm. In this case, there is no dispute that Officer Moore was in fact in pursuit of a stolen vehicle; thus, the requirements of Section A are met.

Section B of La.R.S. 32:24 requires that the accident in question must arise out of the emergency vehicle's parking or standing, or proceeding past a red or stop signal or stop sign, or exceeding the maximum speed limits, or moving or turning against the normal flow of traffic. Here, there is no dispute that Officer Moore was traveling at a rate above the posted speed limit, thus, the requirements of Section B are met.

Section C of La.R.S. 32:24 requires that the emergency vehicle must make use of audible or visual signals sufficient to warn motorists of their approach. All of the testimony, save that of Savoy, supports Officer Moore's assertion that he was using his lights and sirens; thus, the requirements of Section C are met.

---

[1]La.R.S. 32:24(D) provides two standards of care. If the emergency vehicle has met the requirements presented in sections A, B, and C, then the standard of care is one of "reckless disregard." If the emergency vehicle has not met the requirements in sections A, B, and C, then such driver's actions will be judged by a standard of "due care" or ordinary negligence.

Since all of the requirements of La.R.S. 32:24 are met, the plaintiffs must prove that Officer Moore's conduct constituted reckless disregard for the safety of others.

Officer Moore's testimony that Savoy's vehicle had started to pull out into the intersection is supported by the accident report, photographs of the scene of the accident, and the prior testimony of Officer Comeaux. Officer Moore testified that he slowed down when coming over the railroad tracks and that he tried to take evasive action to avoid the collision. The trial court was well within its authority to accept the testimony of Officer Moore over that of Savoy and we find no manifest error in its so doing. The finding of no liability on the part of Lafayette Consolidated Government is supported by the law and the evidence.

With respect to Lemonia's claim for property damages, it is important to note that she did not appear in court for the trial and her claim was disposed of by involuntary dismissal. The only evidence of her ownership of the vehicle was Savoy's testimony and her being listed as owner on the police report for the subject accident. Savoy further testified that he spent $60.00 to put a new fender on the car and that it was still driveable. Savoy also testified that he was the only one to spend any money fixing the car. Again, even if it is accepted that Lemonia proved ownership, she would still have to prove "reckless" disregard and this hasn't been done.

**Decree**

Our ultimate conclusion is that there has been no showing of error on the part of the trial court; therefore, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Plaintiffs-Appellants.

**AFFIRMED.**